You'll hear counsel in USA v. Amauri Reyes-Batista. May it please the court, your honors, good afternoon. My name is Daniel Wenner of Day Pitney. I'm CJA counsel for Mr. Reyes-Batista. I received a call this morning from my friend on the other side indicating the government withdraws its opposition to our motion for release pending trial. Therefore I would ask the panel to enter an order vacating the district court's order and remanding with instructions that the district court hold a hearing at which it will set suitable conditions of release pursuant to 18 U.S.C. Sections 31, 42, A2, and C. I'm happy to answer any questions the court might have. Otherwise, I'll sit down and let Mr. Chen address the court with the government's position. Mr. Chen. Thank you, your honors. Assistant U.S. Attorney Hal Chen for the United States. The United States attorney has consented to Mr. Reyes-Batista's release on conditions. Brother counsel has correctly encapsulated our discussion. We have calendared a hearing before Magistrate Judge Richardson on Thursday. The defendant will be produced. The government has been in touch with the Department of Home and Security as well. If there are no further questions. I understand why it's taken so long. He's been in jail for how many months? Your honor. Does that have anything to do with this appeal? With this instant appeal? I understand your honor's concern. With the benefit of hindsight, the government would have potentially done things differently. But presently, as the case is postured, we're ready to go to trial in two weeks. The government has received the authorization from the U.S. attorney. And we intend to go forward with the trial as scheduled. What are the terms and conditions of his release? As it was presently proposed by the defense, there were three co-signers on a non-surety basis. And those were recommended by the defense. And he would be most competent to address those. There is an INS detainer which is present, your honor. And the government has fleshed that out with DHS. Where is Mr. Reyes-Batista now? Mr. Reyes-Batista is presently detained at Wyatt Detention Center in Rhode Island, in Central Falls. He will be produced on Thursday as scheduled. And it's effectively stipulated here that on Thursday, subject to an order from Magistrate Judge Richardson, he will be released on bail. Yes, from the government's position, the United States Attorney's Office will not be an impediment to his release. In candor to the court, with respect to the immigration detainer, Mr. Reyes-Batista would have to confront whatever issues are processed with relation to the immigration court. Your adversary is asking us for an order vacating. But why isn't this based on your representation's moot? What are we doing here? I think your honor is correct. I think in the government's practical view, the distinction is essentially moot. So I would not reserve on any ceremonial matters with respect to the language. I think my brother counsel was essentially saying the government will take the position. We will not be opposing the bond motion on the district court level from this point forward. But explain to us what this means about this detainer, which is often obscure to all of us, especially the layman. So there's still an immigration detainer. So what happens when Magistrate Judge Richardson acts to lift the detainer, that lift the detention order, is there still a detainer of some sort? There is still a immigration detainer with respect to Mr. Reyes-Batista because he's an aggravated felon and he was deported and he was removed in 1996. And because once the government's position with respect to the bond motion is essentially dissipated, what would take precedence now would be the immigration detainer. He'd still be held in effect. He would be held in effect, but not by the government, not by the United States Attorney's Office for the District of Connecticut. The government known as the government. That's correct, your honor. The DHS part of the government. Correct, your honors. And so the fact is, Mr. Reyes-Batista would potentially- When he comes out, is he going to be detained? I'm not sure I understand, because there's an ICE detainer. What does that mean for him? Can he walk around? Can he walk outside the courthouse? Mr. Reyes-Batista would have, to back up, if the present posture of the case were to dissipate, the ICE detainer would take place, and so he would be held by immigration authorities. He would have his prerogative to address the immigration court for him to be released. And as a matter of practice, I have had other cases in which someone who is without legal status to be released. Another reason this is practically moot, because he will be detained unless he can show that he can convince DHS and ICE that the detention order from that component of the government should be lifted. Correct, your honor. So to follow up on Judge Loyer's question, so an order is entered by the district court so that the US attorney no longer is standing as an impediment to his release. Where does he physically go then? Does he go back to Richardson until further notice, or what? Where will he be physically kept? Where does he go? Well, after he's brought to Judge Richardson, and assuming that Judge Richardson were to release him, the immigration authorities would take custody of him. Most likely, he would be going to the facility which the immigration authorities in Connecticut use, which is in Greenfield, Massachusetts, which is approximately one hour north of Hartford. And the government's concern is that the trial has been scheduled. We're essentially 13 days away from the commencement of the case in chief, and we didn't want any issue with respect to the production of the body in order to commence those proceedings. How will the body be produced then? I have spoken to the immigration authorities in Connecticut. I have prevailed upon them that it is necessary that he must be there to stand trial. A jury was selected already on- He will be detained during the course of the trial in a facility near the courthouse. If he has not prevailed upon a motion to the immigration court for his release. Yes, your honor. And Mr. Wenner presumably represents him in these various places or not? Maybe we can hear from him. I think we're interested in knowing exactly how the body is being moved. Yes, your honor. Thank you, your honor. I represent Mr. Reyes Batista in the district court action in Connecticut. I do not represent him with regard to any immigration matters. My understanding, however, is as Mr. Chen explained, if he's released on conditions from the district court in the criminal case, he would be then held in immigration custody where he could pursue an immigration bond. I've had several discussions with Mr. Reyes Batista about that, and that is what his wish is that he be- Do you have counsel in that matter? He does not have counsel that I'm aware of, although I understand that his family has been in help with his immigration issues, which are separate from this. Why did you move? I mean, as I understand it, you made it a little bit more difficult. Look, you do what you gotta do, but it's made it a little bit more difficult for the US attorney component of the government to keep your client close to the courthouse in connection with his trial. Well, your honor, I would say yes and no to that. Unfortunately, in the District of Connecticut, criminal defendants are held at Wyatt Detention Facility, which is in Rhode Island, which is actually further away than the facility that Mr. Chen has suggested that Mr. Reyes Batista would be in. They're held there on a daily basis? Somebody picks them up from the courthouse, takes them back there, and brings them back the next day for trial? That's correct, your honor, yes. And I understand from my client that he has to wake up at 4 o'clock in the morning to catch the bus that brings him and the other defendants into the district. He's dropped off at the courthouse in Hartford. He would be there for the proceedings for that day, and then he's returned that evening. The proceedings of the immigration court? No, your honor, the proceedings in the federal district court. So- So, just to avoid confusion on my part, the immigration court is also located in Hartford? I believe the immigration court is actually located in the same federal building in Hartford that the US district court is, yes. The Ribicoff. That's correct. That's correct. So if Mr. Reyes Batista, when he's released from federal Department of Justice- In theory, he can just go upstairs. In theory, he could go upstairs and request from an immigration judge that he be bonded out. And my understanding is it is easier for even individuals who have no legal status to get immigration bonds. I understand that they have to actually post a bond. They can be released on conditions including ankle bracelets and the like. Otherwise, it's also your understanding that he'll be detained by ICE? I do understand that there is an immigration detainer. And Mr. Chen has explained that the immigration authorities will be there to pick him up if Judge Richardson, when Judge Richardson releases him on conditions. Is it so that if he's convicted, that he will, at the time of his conviction, already have served a longer sentence than the high end of his guideline range? Your Honor, actually, as of today, he's been in custody for 38 and a half months. The high end of his guidelines range is 33 months. So upon- Isn't that lunacy? I can't understand how that came about. And by the way, if he were not released by ICE, this could go on indefinitely, I suppose. You get to 40 months in a minute, so to speak. I believe so, Your Honor. So, just to take a step back, I am the fourth lawyer that Mr. Reyes-Batista's have. I was not with him until May of 2017, so I can't talk about what happened before that. You have to know what happened before May to represent him, don't you? So, he was detained, he changed lawyers several times, there was extensive pre-trial motion practice. A trial date has been scheduled. I've discussed with Mr. Chen the notion that upon conviction, if that's what happens, that we would have a sentencing held expeditiously. Either way, however, he does not have legal status in the United States, so he's subject to whatever immigration enforcement there might be for him. So you're going to try this case? Yes, Your Honor. And you're with the Dave Pitney office in Hartford? Yes, Your Honor. CJA? Yes, Your Honor. And if you're successful to follow this set of hypotheticals further, he's still going to be held by immigration? Yes, Your Honor. If he is acquitted, he is still subject to a detainer because he does not have any legal status in the United States. Now, what happens in immigration court, I can't say, but he would most likely be— This returns to my mootness question, because you're asking for a specific order of vacating, and it seems to me that based on everything we've heard, this is effectively moot on two grounds. I think that's right, Your Honor. And to be honest, it's an odd procedural posture for me. I haven't encountered this before, so I was just thinking of what this court should do. I suppose if this court chooses to just dismiss the motion as moot and remand the case to the district court for Magistrate Judge Richardson to do whatever he needs to do, my only concern, and the reason I expressed it the way I did, Your Honor, is if we get to the district court and Judge Richardson does not want to release Mr. Reyes-Baptiste on conditions, then I would be concerned that we would be right back here. And he's going to be tried before Judge Covello? That's correct, Your Honor. It was also in Hartford. Okay. Yes. Thanks very much. Okay. Thank you. We'll reserve the decision. Thank you. Thank you both.